8341
MIDLAND TIMBER CO. v. PRETTYMAN.

PARTIES—SPECIFIC PERFORMANCE.—The Court will not decree specific performance of a contract for sale of timber, which involves the construction of the contract of sale to the contractor without having before it the grantor of the contractor, who has a vital interest in the construction of the contract.

Before SHIPP, J., Berkeley, March term, 1912.   Reversed to bring in a party.

Action by Midland Timber Company against J. F. Prettyman & Sons.   Defendants appeal.

*Mr. Legare Walker,* for defendant-appellant.

*Messrs. Willcox & Willcox, L. D. Lide* and *Octavus Cohen,* contra.

October 14, 1912.   The opinion of the Court was delivered by

MR. JUSTICE WATTS.   This is an appeal from a decree of his Honor, Judge Shipp.   The cause before him was a controversy submitted without action and heard by him on an agreed state of facts, entered into between the appellants and respondents.   The controversy involved the construction of a deed for timber on certain lands and the right of way for a railroad over and through the lands.   On January 24, 1902, Emma A. Heape made and delivered to the Atlantic Coast Lumber Company the deed in question, which was duly recorded on February 22, 1902, and subsequently conveyed by them to the Midland Timber Company on June 30, 1910.   The Midland Timber Company entered into a contract in writing and in proper form by which J. F. Prettyman & Sons contracted to buy from the Midland Lumber Company, and the Midland Lumber Company contracted to sell the property as conveyed by Emma A. Heape.   It is agreed in the agreed state of facts that the contract is valid and binding on both parties.

The Midland Lumber Company is a corporation, owning timber and timber lands and Prettyman & Sons is a corporation engaged in the business of cutting, manufacturing and selling timber and lumber.   Under the deed of Heape to the Atlantic Coast Lumber Company there is this: "Second. That said second party, its successors or assigns, shall have and the same is hereby granted to it or them the period of ten (10) years in which to cut and remove the said timber from said lands, and that in case said timber is not cut and removed before the expiration of the said period, then, that the said second party, its successors or assigns, shall have such additional time therefor as it or they may desire, but in the last mentioned event the said second party, its successors or assigns, shall, during the extended period, pay interest on the original purchase price, yearly, year in advance, at the rate of six per cent. per annum."   In the same section,

after the words "ten (10) years" and before the words "in which to cut" these words are stricken out, "beginning from the time the said second party, its successors or assigns, begins the cutting and removing of the aforesaid timber from the tract or tracts of lands above described." We find also in the deed that the "first party further reserves the right to use any timber from the aforesaid tract or tracts of land for ordinary plantation purposes, connected with the said land, this reservation not to include the right to clear the said land or any of it." The land contains three hundred and twenty-four acres, more or less, and the amount paid by the Atlantic Coast Lumber Company to Emma A. Heape was three hundred dollars. The fourth section in the deed from Heape to the Atlantic Coast Lumber Company is this: "Fourth. That the said first party shall and will promptly pay all taxes that are now due or that hereafter may become due on the said land and timber." That neither the grantee or his assigns on January 18, 1912, or January 24, 1912, had commenced to cut and remove the said timber mentioned and described in the conveyance from Heape. That the Midland Timber Company desired to have ten years' additional time for the purpose of cutting and removing the timber, and notified Heape in writing on January 18, 1912, and at the same time tendered her eighteen dollars for one year in advance, being six per cent. on the original purchase price of three hundred dollars, and obligated itself in said notice to make like payment yearly by year in advance for the extension of ten years.

A like tender was made to and refused by Heape on January 24, 1912. The Midland Timber Company tendered a deed to Prettyman & Sons as in compliance with its contract to sell and Prettyman & Sons declined to accept as it doubted the right of the Midland Timber Company to demand an extension of ten years, beyond the original period named in the deed to the Atlantic Coast Lumber Company for the purpose of cutting and removing the timber and raised this

question.   Upon the agreed statement of facts, his Honor made a decree on May 23, 1912, sustaining the contention of the respondents, the Midland Timber Company, and decreeing that the appellants should accept the title tendered them by the Midland Timber Company and pay the purchase price as fixed by the contract between them.   From this decree appeal is taken.

It will be observed that notwithstanding the fact that Emma A. Heape has a vital interest in the questions involved in this appeal, the question as to whether she is a necessary party is not raised by any of the parties of record, and as she is not a party to the action any judgment herein is not intended in any manner to effect her rights.   At the same time, we do not think we should determine this vital question as to the right of the parties to have the time extended unless she is brought before the Court.   She has a vital interest in this serious question.   The suit is in the nature of a suit to require specific performance, and if this Court should determine this question it might seriously handicap her in any future litigation she might have with these parties should the decision be contrary to her interests.

Justice Hydrick, in *Marthinson* v. *McCutchen,* 84 S. C. 256, 66 S. E. 120, uses this language in reference to specific performance: "It is well settled that specific performance rests in the sound discretion of the Court and that the Court will not decree specific performance of hard and unconscionable bargains or where the price is so grossly inadequate as to shock the conscience and raise a presumption of fraud (*Reese* v. *Holmes,* 5 Rich. Eq. 571), and certainly not where it appears that the contract sought to be enforced does not express the true agreement of the parties, either by reason of fraud, accident or mistake.   The general rule is that to merit the interposition of the Court it must appear that the contract is fair, just and equitable.   *Cabeen* v. *Gordon,* 1 Hill Eq. 51; *Hollis* v. *Anness,* 41 S. C. 354, 19 S. E. 646."

Section 143 of Code of Laws, page 73, says: "The Court may determine any controversy between the parties before it when it can be done without prejudice to the rights of others or by saving their rights, but when a complete determination of the controversy cannot be had without the presence of other parties the Court must cause them to be brought in."

In our opinion, there cannot be a complete determination of the controversy without the presence of Emma A. Heape, and she should be brought in.

It is the judgment of this Court that the decree of Circuit Court be reversed and case remanded without prejudice to the rights of either party, and that either or both of them have the right to make Emma A. Heape a party to the suit.

MR. JUSTICE WOODS *disqualified.*