15273

*EX PARTE* BODDIE

JEFFERSON STANDARD LIFE INSURANCE COMPANY *v.* SCOTT *ET AL.*

SAME v. BODDIE *ET AL.*

(15 S. E. (2d), 122)

*Messrs. Thomas, Cain & Black* of Columbia and *Messrs. Lee & Shuler* of Kingstree, for appellant,

*Mr. M. L. Meadors* of Florence, for respondent,

June 14, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE STUKES.

D. C. Scott, Jr., now deceased, procured separate loans secured by mortgages of real estate from Jefferson Standard Life Insurance Company in 1926, and 1927, and at the same times obtained insurance policies upon his life in the amounts of $3,500.00 and $2,500.00, respectively. He was then unmarried and the policies were made payable to his estate, but at the time of their delivery he assigned each of them to the company upon forms prepared by the latter whereby it was fully empowered as assignee and among the agreements thereabout it was provided that upon the maturity of the

policies or death of the insured, the entire proceeds, or so much thereof as should be necessary, "may be applied" to the payment of the indebtedness and the surplus, if any, paid to the assignor or beneficiary.

Thereafter the insured, the mortgagor, was married and the beneficiary of the policies was on March 3, 1932, changed from his estate to his wife, Harriett T. Scott, subject to the assignments to the company. Then, in 1937, the insured executed his will by which he devised the lots subject to the mortgages to the children of his sister. After his subsequent death, on June 16, 1939, one of them, W. W. Boddie, Jr., was appointed and qualified in the Court of Probate as administrator, *cum testamento annexo,* of the estate of the insured.

Meanwhile, on November 23, 1937, the company commenced separate actions of foreclosure of the mortgages, making as defendants, in addition to Scott, the tenants in possession of the property and a judgment creditor. By amended answers, the mortgagor, Scott, alleged that he became totally and permanently disabled under the terms of the policies in January, 1933, whereby he was entitled to waiver of the payment of premiums and the payment by the company of certain monthly benefits to him. His death occurred before trial and the devisees, testator's Boddie nephews and nieces, were substituted for him as defendants.

The issue of disability was framed for submission to a jury, but the presiding Judge directed a verdict for the company, and that controversy is now on its way to this Court under appeal. We are not now concerned with it.

The administrator, individually and as one of the devisees of the property, then brought his petition in the Court of Common Pleas whereby he sought an order requiring the company to apply the proceeds of the policies to the payment of the respective mortgage debts and for satisfaction and surrender for cancellation of the mortgage papers, and ob-

tained a rule against the company to show cause why this relief should not be granted and the company's efforts to foreclose the mortgages discontinued.

Upon the hearing on October 2, 1940, the Court adjudged the return of the company insufficient, denied its prayer that the widow of the deceased insured, Harriett T. Scott, the beneficiary of the life policies, be made a party and ordered that the face amounts of the policies be applied as of the date of the death of the insured to the payment of the respective mortgage debts, for the security of the payment of which they had been assigned, including interest, costs and attorney's fees, and that if the amount of the proceeds in either case is sufficient to pay such indebtedness, etc., in full, the mortgage or mortgages be satisfied by the company and surrendered for recording of the cancellation.

By the company's verified return there were admitted or alleged the facts set forth in substance above; that the policies were of full force on the date of the insured's death and that the widow of the insured, designated as beneficiary in the policies, has made demand for the payment of the proceeds to her and continues to assert her right to receive such portion of the proceeds as is not needed to pay the indebtedness for which they were assigned as security after application thereon of the proceeds of the sale of the real estate, whereby the company alleged that she is a necessary and proper party to the proceeding in order that her rights, claims and demands may be fully and finally adjudicated; and the company further alleged that it had endeavored to prosecute the actions of foreclosure with dispatch and they would have been completed but for the objections interposed by the petitioner. The return concluded with the prayer that the company's rights under the mortgages to it and the policy assignments be protected and that the widow, the beneficiary under the policies, "be required to come in and set up any right, claim and demand that she has or claims to have to the proceeds of said insurance."

The order below was made applicable to both of the pending foreclosure actions, to both of the mortgages and the life insurance policies; and this disposition of the appeal will likewise be applicable to both actions, mortgages and policies. The company has appealed from the order upon two exceptions which it correctly states in argument raise but one question, to wit, whether there was error in the conclusion that the beneficiary of the policies was not a necessary party to this proceeding.

We think that the question is answered by the second provision of Section 409 of the Code of Civil Procedure of 1932, which is as follows: " *   *   * but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in."

The problem is not unlike that in *Midland Timber Company v. Prettyman,* 93 S. C., 13, 75 S. E., 1012, which was an action for the specific performance of a contract of purchase of a timber lease, where the landowner apparently claimed it had expired. It was said that her interest was a vital one and, although she would not be bound by the judgment in the action to which she was not a party, she might be seriously handicapped in future litigation. Upon the provision of the above cited statute, then Section 143 of the Code 1902, the case was reversed with leave to either or both of the parties to make the landowner a party, although the point had not been previously raised.

In this case it is uncontradicted that the beneficiary is claiming the proceeds of the insurance policies, or at least the residue thereof upon payment of the balance, if any, of the mortgage debts remaining after application of the proceeds of the sale of the mortgaged premises, from which we conclude that she is a necessary party to this litigation.

In *Crews v. Beattie,* S. C., 14 S. E. (2d), 351, one of the reasons for the dismissal of the petition was the fact that the United States had a vital interest in the controversy, was

256

not a party and had not consented to be made such. In that very recent decision of this Court the case of *Midland Timber Company v. Prettyman, supra,* was cited with approval.

It was well said in *Lytle v. Southern Railway,* 152 S. C., 161, 149 S. E., 692, involving this question, that it should be the policy of our Courts (which it is) to end litigation promptly and to prevent a multiplicity of suits. See also *Fidelity Fire Insurance Company v. Windham,* 134 S. C., 373, 133 S. E., 35.

The order appealed from is reversed with leave to the appellant to make Mrs. Harriett T. Scott a defendant in the actions by appropriate amendments of the summons and complaints and she shall have leave to plead within twenty days after the service thereof upon her and of the service of a copy of the petition of the administrator; and for any other proper proceedings consistent with the views herein expressed.

Reversed and remanded.

Mr. Chief Justice Bonham and Messrs. Justices Baker and Fishburne concur.