22571

Elizabeth Ann SLATTON, Respondent v. John Calvin SLATTON, III, Appellant.

(345 S. E. (2d) 248)

Supreme Court

---

*Richard H. Warder* of *Warder and Steele*, Greenville, *for appellant.*

*O. W. Bannister, Jr.* of *Hill, Wyatt and Bannister*, Greenville, *for respondent.*

Submitted Feb. 13, 1986.

Decided June 16, 1986.

*Per Curiam:*

This appeal is from a provision in the parties' divorce decree requiring appellant husband to transfer possession and deliver title to a 1978 Gran Prix automobile to respondent wife. We reverse and remand.

Before wife filed petition for divorce in this case, husband transferred title to the automobile to his mother, Grace Slatton. Mrs. Slatton appeared as a witness at the final hearing in this matter but was not made a party to the action.

First, husband contends the family court was without subject matter jurisdiction to order disposition of the automobile because neither spouse held title to the automobile at the time the petition for divorce was filed. We disagree.

S. C. Code Ann. § 20-7-420(2) (1976) vests jurisdiction in the family court to settle the parties' legal and equitable rights "to the real and personal property of the marriage." The family court clearly had subject matter jurisdiction to determine whether the automobile was marital property and to determine the parties' equitable rights therein.

Husband next asserts that Grace Slatton, titleholder to the automobile, was entitled to the opportunity to appear as a litigant and to offer evidence to protect

her property interest. *Jeffords v. Hall,* 276 S. C. 271, 277 S. E. (2d) 703 (1981). While this assertion is correct, Grace Slatton has not sought relief in her own behalf. This Court, however, will remand for a necessary party to be brought into an action even when that party has not requested relief. *See Midland Timber Co. v. Prettyman & Sons,* 93 S. C. 13, 75 S. E. 1012 (1912).

A necessary party is one whose rights must be ascertained and settled before the rights of the parties to the action can be determined. *Simon v. Strock,* 209 S. C. 134, 39 S. E. (2d) 209 (1946). It is mandatory that a necessary party be brought into the action. *Schroder v. Antipas,* 214 S. C. 87, 51 S. E. (2d) 365 (1949); S. C. Code Ann. § 15-5-200 (1976).[1] Because the evidence indicates Grace Slatton has a property interest in the automobile, we find she is a necessary party to this action.

Accordingly, we reverse the family court's order requiring appellant husband to transfer possession and deliver title to the automobile. This matter is remanded to the family court to bring in Grace Slatton as a party and afford her the opportunity to appear as a litigant. See S. C. Code Ann. § 20-7-420(19) (1976).

Reversed and remanded.

---

[1] After the trial of this action, S. C. Code Ann. § 15-5-200 (1976) was repealed by Act No. 100 of 1985. See Rule 19, SCRCP.