### 24012

Joel Dean BAILEY, Appellant v. Wanda Massey BAILEY, Appellant. In re Motion of Evander G. JEFFORDS and James T. McLaren, Respondents.

(441 S.E. (2d) 325)

Supreme Court

*A. Camden Lewis* and *Mark W. Hardee*, both of *Lewis, Babcock & Hawkins*, Columbia, *for appellant Joel Dean Bailey.*

*Ralph E. Tupper* and *Scott A. Seelhoff*, both of *Davis, Tupper, Griffith & Smith*, Beaufort, *for appellant Wanda Massey Bailey.*

*C. Dixon Lee, III*, of *McLaren & Lee*, Columbia, and *George M. Hearn, Jr.*, Conway, *for respondents.*

Heard Oct. 7, 1993.

Decided Feb. 7, 1994.

FINNEY, Justice:

This case originated out of divorce proceedings between appellants, Joel Dean Bailey and Wanda Massey Bailey. Respondents, Attorneys Evander Jeffords and James T. McLaren, initially represented Ms. Bailey in the divorce action. Claiming an interest in a settlement arrived at between appellants without respondents' knowledge, the respondents successfully moved to set aside the family court order approving appel-

lants' settlement agreement. We reverse the rulings of the family court and vacate the orders permitting respondents to intervene and enjoining the use of Mr. Bailey's retirement fund.

Prior to entry of the final decree and judgment of divorce on February 27, 1990, the family court had granted Mr. Bailey's request to bifurcate the case and allow the question of disputed attorneys fees to be determined separately.[1] On October 29, 1990, while the issue of attorney fees was still pending, the family court approved a divorce settlement between the Baileys. The expressed intent of this settlement was to end all existing controversies in the case, not including the attorney fees dispute. The settlement order also provided for Mr. Bailey to pay to Ms. Bailey, in care of her attorneys, $50,000 in cash. Mr. Bailey failed to make the payment and brought an action seeking relief from the October 29, 1990, order.

In December of 1991, prior to a resolution of the attorney fee dispute, Ms. Bailey discharged respondents and retained other counsel. On March 27, 1992, appellants executed another agreement to "restructure their prior agreements to obtain maximum benefits from their remaining assets." Under this agreement, which was approved by the family court on March 30, 1992, Mr. Bailey was to convey his interest in the marital home to Ms. Bailey and pay her $21,000 in cash in satisfaction of all his marital obligations. Respondents were not named parties and received no notification of this action. Moreover, the record of the hearing was sealed.

Respondents learned of appellants' restructured settlement agreement and somehow obtained a copy of the record. Respondents moved to have the court reconsider its March 30, 1992, order on the ground that appellants' failure to afford notice to respondents substantially prejudiced respondents' rights and interests. On April 27, 1992, the family court granted the motion for reconsideration, finding that respondents were indispensable parties to the action. The family court judge directed that, after proper notice to respondents,

---

[1] Earlier in the divorce proceedings, Mr. Bailey had been held in contempt of court and sentenced for failing to pay *pendente lite* support and attorney fees.

another merits hearing be held on Mr. Bailey's request for a modification of his financial obligations. Ms. Bailey also filed a motion for reconsideration, which was denied by the family court on June 12, 1992.

In May of 1992, respondents had filed an amended and supplemental motion seeking enforcement of certain payments required of Mr. Bailey by the order of October 29, 1990. Included in its order of July 6, 1992, the family court 1) ordered that the hearing on this motion be continued and consolidated with the hearing *de novo* on the merits of Mr. Bailey's request for modification; and 2) enjoined Mr. Bailey from disposing of his retirement funds.

The essence of respondents' claim is that the family court made a $50,000 award of attorney fees in the October 29, 1990, order for which Mr. Bailey is liable despite any subsequent agreement between the appellants. The October 29 order states in pertinent part:

> B. *Attorney fees and Restraining Orders:* Pursuant to the Decree the matter of attorney fees for the Wife's counsel was reserved. Hearings on the matter of attorney fees were held before the Honorable William J. McLeod, Family Court Judge, on May 2 and 21, 1990. Judge McLeod has not yet issued an Order setting attorney fees. The Decree deferred jurisdiction over certain other fees to the undersigned, including but not limited to the fees and costs of the temporary Guardian Ad Litem . . . the Guardian Ad Litem . . . and regarding the fees and costs of Dr. Prinz.
>
> Contemporaneously with the payment of sums to Wife as set forth in Paragraph 2(A) herein and *in satisfaction of any obligation that the Husband might have to contribute to the attorney fees and costs of the Wife, the Husband shall promptly pay to the wife, in care of her attorneys, the sum of $50,000.00 in cash.* . . . (Emphasis added.)

In this Court's view, the term "in care of her attorneys" suggests that the order contemplates Ms. Bailey's attorneys acting as a mere conduit for the transmission of $50,000 between the Baileys. We do not construe the family court order to instruct Mr. Bailey to pay directly to respondents the sum of $50,000 as attorney fees.

Appellants' first allegation is that respondents lacked standing to intervene in this action. We agree.

To have standing, a party must have a personal stake in the subject matter of a lawsuit. In South Carolina, a party must also be the "real party in interest." *Duke Power Co. v. South Carolina Public Service Comm'n*, 284 S.C. 81, 326 S.E. (2d) 395 (1985); *Dockside Ass'n. Inc. v. Detyens Simmons*, 285 S.C. 565, 330 S.E. (2d) 537 (Ct. App. 1985). A real party in interest . . . is one who has a real, actual, material or substantial interest in the subject matter of the action, as distinguished from one who has only a nominal, formal, or technical interest in, or connection with, the action. *Dockside, supra.* In this instance, the real interest lies with the parties in the divorce action—the appellants—and they alone have a real proprietary interest in the subject matter of the proceedings. We find that respondents' interest as claimants asserting a right to attorney fees is peripheral and not the real interest at stake. Therefore, we hold that respondents lack standing to intervene in appellants' lawsuit.

Respondents claim that S.C. Code Ann. § 20-3-125 (1985) extends to them standing to intervene in proceedings involving appellants' March 27, 1992, agreement.

Section 20-3-125 authorizes any attorney whose client has been awarded an attorney fee by the family court to petition the family court to enforce payment of such attorney fee. We find that Section 20-3-125 is inapplicable to this controversy. Respondents were dismissed by Ms. Bailey in December of 1991. On December 12, 1991, Ms. Bailey filed an application with the Resolution of Fee Disputes Board regarding respondents' fees of $161,532.30. By correspondence dated January 21, 1992, respondents received notice that the South Carolina Bar had received an application from Ms. Bailey for a Resolution of Disputed Fees. These letters clearly state that "Rule 9 [of the Rules of the Resolution of the Fee Disputes Board] provides that once an application is properly filed by a client, the actions of the Fee Dispute Board are binding upon the attorney."[2] The record reflects no objection on the part of the

---

[2] Rule 407, SCACR, also states that an attorney shall submit to the proceedings of the Resolution of Fee Disputes Board.

respondents. Yet, on February 19, 1992, respondents filed a motion based on Section 20-3-125 seeking to compel payment to them, as attorney fees, the $50,000 awarded in the October 29, 1990, order and rely on this motion for standing to intervene in appellants' settlement proceedings.

Notwithstanding the provision in Section 20-3-125, we find that at the time the March 30, 1992, order approving the settlement agreement was vacated by the family court, exclusive jurisdiction of the issue of attorney fees had vested with the Resolution of Fee Disputes Board, pursuant to Rule 9 of the Rules of the Resolution of Fee Disputes Board of the South Carolina Bar, and Rule 407, SCACR.

Appellants next contend the family court erred in its July 9, 1992, order by issuing a restraining order enjoining Mr. Bailey's use of his retirement fund. After intervening in appellants' final settlement, respondents requested that restraining orders be issued as required in the October 29, 1990, order. The family court, in effect, reinstated restraining orders that had been placed on Mr. Bailey in the October 29, 1990, order. In view of our finding that the respondents were without standing to intervene, the resulting restraining order is rendered void.

Finally, appellants argue that actions of the respondents constitute egregious conduct sufficient to justify immediate relief by this Court. Appellants allege violations of Rules 1.16(d), 1.7(b), and 1.8(j) of the Code of Professional Responsibility. We decline to consider this issue based upon our conclusion that the appropriate forum to consider appellants' allegations is the Board of Commissioners on Grievances and Discipline, as provided by Rule 413, SCACR.

For the foregoing reasons, the rulings of the family court permitting respondents to intervene and enjoining the use of Mr. Bailey's retirement funds are reversed; and the orders of April 27, 1992, and July 6, 1992, are vacated.

Reversed and vacated.

CHANDLER, A.C.J., TOAL, A.J., and WILLIAM L. HOWARD, SR. and DON S. RUSHING, Acting Associate Justices, concur.