644 S.E.2d 699

Ex Parte GOVERNMENT EMPLOYEE'S
INSURANCE COMPANY, Appellant,

In re Ronnie Cooper, Respondent,

v.

Yolanda Goethe, Respondent.

No. 26315.

Supreme Court of South Carolina.

Heard Dec. 6, 2006.
Decided April 23, 2007.

Margaret M. Fanning, of Wilson & Heyward, of Charleston, for Appellant.

Peter George Currence, of McDougall & Self, of Columbia, for Respondent Cooper.

Chief Justice TOAL.

We certified this case for review from the court of appeals pursuant to Rule 204(b), SCACR. Government Employee's Insurance Company ("GEICO") appeals the family court's denial of its petition to join or intervene in Ronnie Cooper's ("Cooper") family court proceeding involving the validity of his common law marriage with Yolanda Goethe ("Goethe"). We affirm

### FACTUAL / PROCEDURAL BACKGROUND

GEICO brought a declaratory judgment action against Cooper to determine the parties' rights pursuant to an automobile insurance policy issued to Goethe. Specifically, Cooper claims he is entitled to stack underinsured motorist coverage provided by the Goethe policy on the grounds that he is a Class I insured. GEICO denied Cooper's claim, alleging that Cooper is not a Class I insured because he is neither the spouse nor resident relative of Goethe.

After GEICO denied Cooper's claim to stack coverage, Cooper filed an action in family court seeking an order validating his common law marriage to Goethe since 1991. GEICO petitioned the family court to permit it to join the action pursuant to Rule 19, SCRCP, or to intervene pursuant to Rule 24, SCRCP. As grounds supporting its motion, GEICO al-

leged that the family court's decision on the parties' common law marriage would impact GEICO's ability to protect its interests under the insurance policy issued to Goethe.

After a hearing on the petition, the family court denied GEICO's motion. The family court found that GEICO was not a necessary party for joinder and did not have standing to intervene. GEICO appeals raising the following issues for review:

I. Did the family court err in denying GEICO's petition to join Cooper's family court action regarding the validity of a common law marriage?

II. Did the family court err in denying GEICO's petition to intervene in Cooper's family court action regarding the validity of a common law marriage?

## STANDARD OF REVIEW

 The decision to grant or deny a motion to join an action pursuant to Rule 19, SCRCP, or intervene in an action pursuant to Rule 24, SCRCP, lies within the sound discretion of the trial court. *See Berkeley Elec. Coop., Inc. v. Town of Mt. Pleasant,* 302 S.C. 186, 189, 394 S.E.2d 712, 714 (1990); *and Hunnicutt v. Rickenbacker,* 268 S.C. 511, 517, 234 S.E.2d 887, 890 (1977). "This Court will not disturb the lower court's decision on appeal unless a manifest abuse of discretion is found resulting in an error of law. Moreover, the error of law must be so opposed to the lower court's sound discretion as to amount to a deprivation of the legal rights of the party." *Jeter v. South Carolina Dep't of Transp.,* 369 S.C. 433, 633 S.E.2d 143, 146 (2006).

## LAW / ANALYSIS

### I. Joinder

GEICO argues that the family court erred in denying its petition for joinder pursuant to Rule 19, SCRCP. We disagree.

Rule 19(a), SCRCP provides in pertinent part:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the

action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) *he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest* or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

*Id.* (emphasis added). "The principle behind this Rule is that whenever possible persons materially interested in the action should be joined so that they may be heard and a complete determination had." Rule 19, SCRCP note.

▮ GEICO alleges that Cooper and Goethe commenced the family court action to bolster Cooper's position against GEICO in the pending litigation involving Cooper's rights under the Goethe policy. The crux of GEICO's argument for joinder is that failure to join it as a party in the family court action will perpetuate a fraud on the court and ultimately impair GEICO's ability to protect its interests under the insurance policy. We find that although GEICO may be affected by the outcome of the family court action, its interest is insufficient to meet the requirements for joinder pursuant to Rule 19(a)(2)(i), SCRCP.

GEICO relies on Rule 19(a)(2)(i), SCRCP to support its motion for joinder. This provision of the rule allows a party to join an action where "he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may as a practical matter impair or impede his ability to protect that interest." *Id.* In the instant case, however, GEICO has failed to show that it has an interest relating to the subject of the action. The family court action involves the subject of whether Cooper and Goethe are common law married, and GEICO's economic interest under the Goethe policy is merely tangential to the family court action. While the existence of a common law marriage may impact GEICO's liability to Cooper, GEICO has no real interest in the subject matter before the family court.

▮▮ Furthermore, the family court did not err in finding that GEICO was not a necessary party to the family court

action. This Court has interpreted Rule 19, SCRCP to require that a party be a "necessary party" to be joined in an action pursuant to the rule. *See Slatton v. Slatton,* 289 S.C. 128, 130, 345 S.E.2d 248, 249 (1986). "A necessary party is one whose rights must be ascertained and settled before the rights of the parties to the action can be determined." *Id.*

In this case, the family court had no need to ascertain or settle GEICO's rights before it determined the rights of Cooper and Goethe in their action to recognize their common law marriage. GEICO argues that the family court's reliance on this definition of necessary party as defined in *Slatton* is misplaced because it is based on a repealed section of the South Carolina Code. *See Slatton,* 289 S.C. at 130 n. 1, 345 S.E.2d at 249 n. 1. Although *Slatton* does not interpret Rule 19, SCRCP, we note (1) that the repealed statute, S.C.Code Ann. § 15–5–200 (1976), upon which the definition of "necessary party" is based was replaced with Rule 19, SCRCP, (2) that this Court recognized the continued application of the definition despite the repeal of the statute, and (3) that the Court decided *Slatton* after the adoption of Rule 19, SCRCP. Accordingly, the definition of necessary party as used in *Slatton* remains an accurate articulation of the law of South Carolina.

The dissent argues that a finding by the family court validating the existence of the common law marriage between Cooper and Geothe will increase GEICO's burden of proof in its pending declaratory judgment action, thereby impairing GEICO's ability to protect its economic interest in the payment of insurance benefits. This argument misses the mark. First, GEICO's interest is merely peripheral to the subject matter of the family court action. Second, while it is true that GEICO may need to meet an increased burden of proof, GEICO maintains the ability to protect any economic interest which may be affected by the family court action. Although the rules of joinder and intervention are to be liberally construed, permitting GEICO to join in a family court action in which it has no real interest stretches beyond liberal construction and creates a situation in which any party with a remotely tangential interest will be allowed to interject themselves into pending litigation. We do not interpret the rules to allow such manipulation.

For these reasons, we hold that the family court did not err in denying GEICO's petition to join the family court action pursuant to Rule 19, SCRCP.

## II. Intervention

GEICO argues that the family court erred in denying its petition to intervene pursuant to Rule 24, SCRCP. We disagree.

Rule 24(a), SCRCP provides:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

▌ Generally, the rules of intervention should be liberally construed where judicial economy will be promoted by declaring the rights of all affected parties. *Berkeley Elec. Coop.,* 302 S.C. at 189, 394 S.E.2d at 714. Accordingly, the Court should consider the practical implications of a decision denying or allowing intervention. *Id.* However, a party must have standing to intervene in an action pursuant to Rule 24, SCRCP. *Bailey v. Bailey,* 312 S.C. 454, 458, 441 S.E.2d 325, 327 (1994). A party has standing if the party has a personal stake in the subject matter of a lawsuit and is a "real party in interest." *Id.* "A real party in interest . . . is one who has a real, actual, material or substantial interest in the subject matter of the action, as distinguished from one who has only a nominal, formal, or technical interest in, or connection with, the action." *Id.* (citations omitted).

▌ We find that GIECO does not have "an interest relating to the property or transaction which is the subject of the action" as required by Rule 24(a)(2), SCRCP. Additionally, we hold that the family court correctly found GEICO lacked standing because GEICO does not have an interest in the subject matter of the family court action. Stated differently, GEICO has no real interest in whether Cooper and Goethe have a valid common law marriage. GEICO's interest

is in the financial implications of the family court's decision, which is peripheral to the subject matter before the court. This interest is insufficient to warrant GEICO's intervention in Cooper's family court action under Rule 24(a)(2), SCRCP.

GEICO claims that this Court's decision in *Bailey* is inapplicable and distinguishable from the case at hand. In *Bailey*, the former wife's prior attorneys moved to intervene in a divorce proceeding for the purposes of challenging the parties' settlement agreement. *Id.* at 454, 441 S.E.2d at 325. The Court found that the attorneys did not have standing to intervene because the order directing payment from the former husband to the former wife in care of attorneys did not direct payment of fees and that the attorneys could litigate fee disputes in an alternative forum. *Id.* The Court further stated that intervention is only appropriate where the party seeking intervention has "a real proprietary interest in the subject matter of the proceedings;" an interest which is merely "peripheral and not the real interest at stake" will not warrant intervention. *Id.*

GEICO's purported distinction is not persuasive. Similarly to the analysis in *Bailey*, we find that the subject matter of the family court action in the instant case is the validity of a common law marriage, which does not involve a determination of insurance benefits. Accordingly, GEICO does not have standing to intervene in the family court action because it does not have an interest sufficiently related to the subject matter of the action.

For these reasons, we hold that the family court did not err in denying GEICO's petition to intervene in Cooper's family court action.

## Conclusion

For the foregoing reasons, we affirm the family court's order denying GEICO's petition to join or intervene in Cooper's family court action.

MOORE, WALLER and BURNETT, JJ., concur.
PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES:

I respectfully dissent, and would hold the family court judge erred in declining GEICO's petition for joinder under Rule 19, SCRCP, and that he abused his discretion in denying GEICO's petition to intervene under Rule 24, SCRCP.

Respondent Cooper claimed that he was a Class I insured under an automobile policy appellant GEICO issued to respondent Goethe. GEICO denied Cooper's claim, and brought a declaratory judgment action in circuit court to determine Cooper's rights, if any, under the Goethe policy. By filing this circuit court action, GEICO undertook the burden of proving, by a preponderance of the evidence, that Cooper was not a Class I insured under Goethe's policy. *Vermont Mut. Ins. Co. v. Singleton*, 316 S.C. 5, 446 S.E.2d 417 (1994).

After GEICO's circuit court suit was commenced, Cooper brought a family court action against Goethe to establish that they had entered a common law marriage. Cooper's declaratory judgment suit was brought pursuant to S.C.Code Ann. § 20–1–520 (1985) which provides:

When the validity of a marriage shall be denied or doubted by either of the parties,[1] the other may institute a suit for affirming the marriage and, upon due proof of the validity thereof, it shall be decreed to be valid **and such decree shall be conclusive upon all persons concerned.** (emphasis supplied).

For purposes of this appeal, the critical part of § 20–1–520 is the last phrase: "upon due proof of the validity thereof, [the marriage] shall be decreed to be valid and such decree shall be conclusive upon all persons concerned." An adjudication of a valid marriage under this statute is "conclusive upon the world" and can only be attacked by a non-party to the judgment upon grounds of fraud. *Headen v. Pope & Talbot, Inc.*, 252 F.2d 739 (3rd Cir.1958). Accordingly, if GEICO is not permitted to participate in this family court adjudication, and that court determines that Cooper and Goethe are lawfully married, GEICO will no longer be required to prove in circuit court that there is no marriage by a preponderance of

---

1. Given Ms. Goethe's non-participation in this appeal, it would appear that neither she nor Cooper truly denies or doubts the marriage.

the evidence, but will instead need to prove, by clear and convincing evidence, that Cooper procured the family court judgment by fraud. *See Hagy v. Pruitt*, 339 S.C. 425, 529 S.E.2d 714 (2000). Keeping this increased burden of proof in mind, I turn to the issues raised by GEICO in this appeal.

## A. *Rule 19, SCRCP*

GEICO first contends the family court erred in denying its petition for joinder under Rule 19, SCRCP. I agree. Rule 19(a) provides:

(a) **Person to Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

Rule 19(a) is the same as Rule 19(a), FRCP,[2] and expresses the principle that "whenever possible persons materially inter-

---

2. And differs significantly from that of former S.C.Code Ann. § 15–5–200, which is the basis for the definition of "necessary party" in *Slatton v. Slatton*, 289 S.C. 128, 345 S.E.2d 248 (1986). That statute provided:

 **§ 15–5–200. New parties; interpleader.**

 The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. But when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in. And when, in an action for the recovery of real or personal property, a person not a party to the action but having an interest in the subject thereof makes application to the court to be made a party it may order him to be brought in by proper amendment.

 A defendant against whom an action is pending upon a contract or for specific real or personal property may, at any time before answer,

ested in the action should be joined so that they may be heard and a complete determination had." Notes, Rule 19, SCRCP.

The majority first holds that GEICO has no real interest in the family court action as its economic interest in the Goethe policy is "merely tangential." In my view, GEICO "claims an interest relating to the subject of the [family court] action," whether there is a valid marriage, which is all that Rule 19(a)(2) requires. Further, as explained above, should the family court hold that Cooper and Goethe have entered a common law marriage, that finding will be conclusive against GEICO, unless it can prove by clear and convincing evidence, that the judgment was procured by fraud. I would find GEICO's exclusion from the family court suit may "as a practical matter impair or impede [its] ability to protect that interest."

Moreover, since we have no state precedent interpreting Rule 19, SCRCP, we may look to federal precedent.[3] *See Gardner v. Newsome Chevrolet–Buick*, 304 S.C. 328, 404 S.E.2d 200 (1991). I note that Rule 19(a), SCRCP, does not contain the term "necessary party." That term was intentionally omitted when Rule 19, FRCP, was amended in 1966, and South Carolina chose to model its rule on the amended version of the federal rules. As the commentators explain, the term was omitted in order to encourage courts to make pragmatic decisions concerning joinder. *See* Wright Miller Kane 7 *Federal Practice and Procedure* § 1601.

Rule 19(a)(2), SCRCP asks first, whether the party seeking joinder claims an interest relating to the subject of the action, which I would find GEICO does. Second, it asks whether that

upon affidavit that a person not a party to the action and without collusion by him makes against him a demand for the same debt or property and upon due notice to such person and the adverse party, apply to the court for an order to substitute such a person in his place and discharge him from liability to either party on his depositing in court the amount of the debt or delivering the property, or its value, to such a person as the court may direct. The court may, in its discretion, make such an order.

3. Unlike the majority, I do not read *Slatton* as interpreting, defining, or applying Rule 19. *See Slatton*, fn. 1: "After the trial of this action, S.C.Code Ann. § 15–5–200 (1976) was repealed by Act. [sic] No. 100 of 1985. See Rule 19, SCRCP."

party is in such a position that disposition of the action in his absence may, as a practical matter, impair or impede his ability to protect that interest. I would find GEICO meets this criterion.

I would hold that GEICO has met the requirement for Rule 19(a) joinder, and that the family court erred in failing to grant its petition.

## B. *Rule 24, SCRCP*

GEICO next argues that the family court erred in denying its request to intervene made pursuant to Rule 24, SCRCP. I agree.

Rule 24(a)(2) provides for intervention of right:

when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The decision to grant or deny a Rule 24(a)(2) motion is reviewed under an abuse of discretion standard, and each case is viewed in the context of its unique facts and circumstances. *Berkeley Elec. Coop., Inc. v. Town of Mt. Pleasant,* 302 S.C. 186, 394 S.E.2d 712 (1990). "We interpret [Rule 24(a)(2) ] to permit liberal intervention particularly where, as here, judicial economy will be promoted by the declaration of the rights of all parties who may be affected." *Id.* In determining whether intervention is warranted, "we must consider the pragmatic consequences of a decision to permit or deny intervention and avoid setting up rigid applications of [the rule]." *Id.*

For the reasons given in the preceding section, I would find that GEICO meets the intervention criteria of Rule 24(a)(2). Furthermore, I cannot reconcile the standing discussion in *Bailey v. Bailey,* 312 S.C. 454, 441 S.E.2d 325 (1994) with my understanding of Rule 24. As I read *Bailey,* there is no discussion of Rule 24(a)(2), and it is patent that the Court conducted no rule-based analysis. In my opinion, if a party meets the requirements of Rule 24(a)(2), that is, it is entitled to intervene as a matter of right, then it *ipso facto* has "standing." *Bailey* may have reached the correct result, but

its discussion of intervention as an issue of "standing" rather than as a matter governed by Rule 24, SCRCP, is simply misdirected. I would hold the family court abused its discretion in denying GEICO's request to intervene under Rule 24(a)(2).

## Conclusion

I would reverse, and allow GEICO to participate in the family court action. Under the somewhat unusual facts and procedural posture of this appeal, such a "pragmatic" result will allow the issue of a common law marriage to be resolved in a single suit.