THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 John J. Garrett, Appellant,
 v.
 Richard F. Hunter,
 Christine E. Hunter, and Jimmy Dean Justice, Respondents.
 
 
 

Appeal From Spartanburg County
 Gordon G. Cooper, Master-In-Equity
Unpublished Opinion No. 2010-UP-555
Submitted December 1, 2010  Filed
 December 21, 2010    
AFFIRMED

 
 
 
 John J. Garrett, pro se, of Reidville, for Appellant.
 Matthew Elliott Cox, of Charlotte, North Carolina, and Richard F.
 Hunter, of Hickory, North Carolina, for Respondents.
 
 
 

PER
 CURIAM: John J. Garrett appeals the master-in-equity's order finding he
 lacked standing to bring a foreclosure action against Richard and Christine
 Hunter. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Newman v.
 Richland Cnty. Historic Pres. Comm'n, 325 S.C. 79, 82, 480 S.E.2d 72,
 74 (1997) ("Standing is 'a personal stake in
 the subject matter of a lawsuit.'" (quoting Bailey v. Bailey,
 312 S.C. 454, 458, 441 S.E.2d 325, 327 (1994))); Midfirst
 Bank, SSB v. C.W. Haynes & Co.,  893 F. Supp. 1304,
 1318 (D.S.C. 1994) ("South Carolina recognizes the familiar and
 uncontroverted proposition that the assignment of a note secured by a mortgage
 carries with it an assignment of the mortgage." (quoting Hahn v. Smith,
 157 S.C. 157, 161, 154 S.E. 112, 115 (1930) and Ballou v. Young, 42 S.C.
 170, 177, 20 S.E. 84, 86 (1894))); S.C. Nat'l Bank v. Halter, 293 S.C. 121,
 128, 359 S.E.2d 74, 77 (Ct. App. 1987) ("The assignment of a mortgage
 as distinct from the debt it secures is nugatory and confers no rights upon the
 transferee absent some indication that the parties also intended to transfer
 the debt." (internal citations omitted)).
AFFIRMED.  
THOMAS, PIEPER, AND GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.