**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ronald Edwin Barfield, Plaintiff,

v.

The Corner Store, Inc., and all persons claiming any right, title, estate interest in or lien upon the real estate described; any unknown adults and those persons who may be in the military service of the United States of America, all of them being a class designated as John Doe, whose true name is unknown; any unborn infants or persons under disability being a class designated as Richard Roe, whose true name is unknown, United States of America, and Paige Holsapple as Florence County Delinquent Tax Collector, Defendants,

Of Whom Ronald Edwin Barfield, The Corner Store, Inc., and all persons claiming any right, title, estate interest in or lien upon the real estate described; any unknown adults and those persons who may be in the military service of the United States of America, all of them being a class designated as John Doe, whose true name is unknown; any unborn infants or persons under disability being a class designated as Richard Roe, whose true name is unknown, United States of America, and Paige Holsapple as Florence County Delinquent Tax Collector are the Respondents,

And

Nilesh Patel, as Trustee of Anjay R. Patel Irrevocable Trust Agreement Dated December 18, 2000, is the Appellant.

Appellate Case No. 2021-001185

---

Appeal From Florence County
W. Haigh Porter, Master-in-Equity

---

Unpublished Opinion No. 2024-UP-208
Submitted May 1, 2024 – Filed June 5, 2024

---

**AFFIRMED**

---

Jennifer Dowd Nichols, of Newberry, for Appellant.

Charlie James Blake, Jr., of Florence, for Respondent
Ronald Edwin Barfield.

D. Malloy McEachin, Jr., of McEachin & McEachin,
P.A., of Florence, for Respondent Paige Holsapple.

Michele Dahl Sturkie, of Sturkie Law, LLC, of Florence,
for Respondent The Corner Store, Inc.

George John Conits, of Greenville, for Respondent
United States of America.

---

**PER CURIAM:** Nilesh Patel, as Trustee of the Anjay R. Patel Irrevocable Trust
Agreement Dated December 18, 2000 (Patel), appeals the master-in-equity's order
quieting title to the subject real property in Ronald Barfield. On appeal, Patel
argues the master-in-equity erred in: failing to find the federal forfeiture of the
subject property should have prevented the tax sale; failing to find the federal
government's release of the property from the forfeiture years after the tax sale did
not cure the defect of selling the property while under federal forfeiture; failing to
find the tax sale was invalid because Florence County (the County) failed to
comply with notice requirements; and applying the statute of limitations in section

12-51-160 of the South Carolina Code (2014) to bar his claim.  We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the master-in-equity did not err when he found the federal forfeiture of the subject property did not render the tax sale invalid.  *See Folk v. Thomas*, 344 S.C. 77, 80, 543 S.E.2d 556, 557 (2001) ("An action to set aside a tax deed is in equity."); *id.* ("Therefore, [an appellate c]ourt may take its own view of the preponderance of the evidence."); *Smith v. Barr*, 375 S.C. 157, 160, 650 S.E.2d 486, 488 (Ct. App. 2007) ("[T]his scope of review does not require us to disregard the [m]aster's factual findings because the [m]aster saw and heard witnesses and was in a better position to judge their credibility and demeanor.").  Although we agree the County should not have sold the property at a tax sale while it was under federal forfeiture, the United States subsequently withdrew its claim to the property and waived any objection to the tax sale.  The United States gained clear title via the forfeiture; accordingly, it is the only entity that could object to the sale on the basis of the prior forfeiture, which it declined to do.  *See* Federal Food and Drugs Act of 1906, 21 U.S.C.A. § 853(c) ("All right, title, and interest in [the] property . . . vests in the United States upon the commission of the act giving rise to forfeiture under this section."); *id.* (explaining forfeited property "that is subsequently transferred to a person other than the defendant" may still be "forfeited to the United States"); § 853(k)(2) ("[N]o party claiming an interest in property subject to forfeiture . . . may . . . commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment . . . alleging that the property is subject to forfeiture under this section."); *Townsend v. Townsend*, 323 S.C. 309, 314, 474 S.E.2d 424, 427 (1996) ("To have standing, one must have a personal stake in the subject matter of the lawsuit; *i.e.*, one must be the 'real party in interest.'" (quoting *Bailey v. Bailey*, 312 S.C. 454, 458, 441 S.E.2d 325, 327 (1994))); *id.* ("A real party in interest is one who 'has a real, actual, material or substantial interest in *the subject matter of the action*, as distinguished from one who has only a nominal, formal, or technical interest in, or connection with, the action.'" (quoting Bailey, 312 S.C. at 458, 441 S.E.2d at 327)).

2.  We hold the master-in-equity did not err in finding the tax sale valid because the County appropriately phrased the sale notice and sent the notice to the proper entities in strict compliance with South Carolina law.  The notice given by the County stated that if taxes were not paid before October 3, 2016, the property would be advertised and sold; this notice complied with statutory requirements because October 3, 2016, was not an arbitrary date, but rather the actual date of the tax sale.  *See* S.C. Code Ann. § 12-51-40(b) (2014) (explaining that if taxes "are

not paid *before* a subsequent sales date, the property must be duly advertised and sold" (emphasis added)); *Hawkins v. Bruno Yacht Sales, Inc.*, 353 S.C. 31, 38, 577 S.E.2d 202, 206 (2003) (explaining "the statute does not provide that the [c]ounty set a date, *other than the sales date*, after which the taxpayer can no longer pay his delinquent taxes" (emphasis added)). Although Patel argues the County should have allowed payment on the date of the sale, the plain language of the statute does not mandate it. *See Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning."). Additionally, contrary to Patel's assertions that the County should not have mailed additional notices to the registered agent of the owner, we find the County strictly complied with statutory requirements when it mailed a notice to The Corner Store, Inc., the delinquent taxpayer of record, and the County's sending of additional notices out of courtesy did not nullify its compliance with the statute, which neither required nor prohibited additional notices. *See* S.C. Code Ann. § 12-51-120 (2014) ("[T]he person officially charged with the collection of delinquent taxes shall mail a notice . . . to the defaulting taxpayer and to a grantee, or lessee of the property of record in the appropriate public records of the county."). Moreover, the fact the notice sent to The Corner Store Inc. was returned as undelivered did not render the tax sale defective. *See id.* ("[T]he return of the certified mail 'undelivered' is not grounds for a tax title to be withheld or be found defective and ordered set aside or canceled of record."). Finally, Patel was not entitled to receive notice of the right to redemption because he was not the defaulting taxpayer, grantee, or lessee of the property and possessed only an assignment of rents and leases as the lessor. *See id.* ("[T]he person officially charged with the collection of delinquent taxes shall mail a notice . . . to the *defaulting taxpayer* and to a *grantee*, *mortgagee*, or *lessee* of the property of record in the appropriate public records of the county." (emphasis added)); *Hodges*, 341 S.C. at 85, 533 S.E.2d at 581 ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning.").

3. Initially, we hold Patel did not have the requisite standing to challenge the tax sale because the statutory right to redemption is given to the "defaulting taxpayer, any grantee from the owner, or any mortgage or judgment creditor," and Patel possessed only an assignment of rents and leases. *See* S.C. Code Ann. § 12-51-90(A) (2014) ("The defaulting taxpayer, any grantee from the owner, or any mortgage or judgment creditor may within twelve months from the date of the delinquent tax sale redeem each item of real estate by paying to the person

officially charged with the collection of delinquent taxes, assessments, penalties, and costs . . . .").  Nevertheless, even if Patel could challenge the tax sale on this basis, the statute of limitations applies because, as discussed above, there was no jurisdictional defect with the sale, as Patel was not entitled to notice and the County strictly complied with the statutory requirements.  *See Fed. Fin. Co. v. Hartley*, 380 S.C. 65, 68, 668 S.E.2d 410, 412 (2008) ("The two year limitation in this statute is the period in which an owner who lost title to the property through a tax sale may bring an action to recover that property."); *Forfeited Land Comm'n of Bamberg Cnty. v. Beard*, 424 S.C. 137, 146, 817 S.E.2d 801, 805 (Ct. App. 2018) (explaining a defect in a tax sale is jurisdictional when the "tax sale is not held in strict compliance with the statute").  Therefore, Patel would have been required to commence his action within two years of the tax sale.  *See* S.C. Code Ann. § 12-51-160 (2014) ("An action for the recovery of land sold pursuant to this chapter or for the recovery of the possession must not be maintained unless brought within two years from the date of the sale as provided in [s]ection 12-51-90(C) [of the South Carolina Code (2014)]."); S.C. Code Ann. § 12-51-90(C) (2014) ("If the defaulting taxpayer, grantee from the owner, or mortgage or judgment creditor fails to redeem the item of real estate sold at the delinquent tax sale within the twelve months . . . and after the passing of an additional twelve months, the tax deed issued is incontestable on procedural or other grounds.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.