### 17902

Arthur RANDOLPH, Deceased Employee, and Estella L. Randolph, Wayne J. Randolph, Max Dean Randolph, and Debra Ann Randolph, by their *guardian ad litem*. Donald Paul Randolph, Respondents, v. FISKE-CARTER CONSTRUCTION COMPANY and American Mutual Liability Insurance Company, Appellants.

(125 S. E. (2d) 267)

*Messrs. Perrin & Perrin,* of Spartanburg, *for Appellants,*

*Messrs. Hyatt, Depass & Raman,* of Spartanburg, *for Respondents,*

April 24, 1962.

PER CURIAM.

Arthur Randolph, an employee of the respondent, Fiske-Carter Construction Company, was seriously injured in a compensable accident on May 20, 1960, and died, following a coronary occlusion, on November 6, 1960.

The only question raised on appeal is whether there was any competent evidence to support a finding of fact by the Industrial Commission that the death of the decedent was causally connected with the accident.

We have carefully considered the order of the lower court and find that it correctly disposes of the question raised and it is, therefore, adopted as the opinion of this court.

Affirmed.

The Order of Judge Littlejohn is as follows:

This matter came on to be heard before me at the Spartanburg County Court House as the result of an appeal by the employer and insurance carrier from an award of the South Carolina Industrial Commission affirming the award of the Single Commissioner holding that the employee, while employed as a carpenter, on May 20, 1960, and while in the course of his employment, had a brick wall fall on him resulting in a fractured skull, seven broken ribs and a punctured lung cavity, which accident resulted in his death on November 6, 1960. It was further found that the death of the employee was the result of his accidental injury of May 20th and the subsequent complications, and had a very definite bearing on his death. From these findings, the defendants have asked for a reversal on the following grounds:

"1. That the Commission erred in finding that the accident of May 20, 1960, resulted in the death of Arthur Ran-

dolph on November 6, 1960, the error being that there is no competent evidence supporting such finding.

"2. That the Commission erred in finding that 'the death of the employee occurring on November 6, 1960, was the result of his accidental injury of May 20 and the subsequent complications, and had a very definite bearing on his death,' the error being that there is no competent evidence supporting such finding."

From the facts which are basically not in dispute, it appears that the employee, while on the job, suffered an accident which resulted in a compound depressed fracture of the skull with a six-inch laceration of the scalp; fracture of seven ribs on the left with complete pneumothorax; severe bruise of left ankle and multiple abrasions of left shoulder and knee on May 20, 1960; that he was hospitalized for a period of 29 days immediately following the accident and at the time of his death on November 6, 1960, he was still under the care of Dr. Cochran and Dr. Blanton.

The questions raised by the employer, stated in their simplest terms, boil down to whether there is any testimony whatsoever in the record to support the findings of fact by the Commission. Further, the appellant, in his Brief, raised the question of the competency of Dr. Blanton to testify as an expert because of an admission under cross examination at the bottom of Page 21 of the testimony and continuing on Page 22 where, in answer to questions by the appellants' counsel, he stipulated that he was answering the questions not as an expert, but as a general practitioner.

As relates to this question raised by the appellants' counsel, under our law, a general practitioner is qualified to give his opinion as stated by The Supreme Court in *Hill v. Carolina Power & Light Co.*, 204 S. C. 83, 28 S. E. (2d) 545, Page 555, quoting from 20 Am. Jur., Sec. 865, Page 727:

"According to the great weight of authority, a physician or surgeon is not incompetent to testify as an expert merely

because he is not a specialist in the particular branch of his profession involved in the case. The fact, however, that the witness is not a specialist in the particular branch of the profession involved may be considered as affecting the weight of his testimony, but this is no ground for completely rejecting it."

The fact that the witness, in modesty or otherwise, says that he is not an expert is not final or determinative and what he says relative to his own qualification will be helpful to the Commission in determining what weight should be given to his testimony. Our Supreme Court has applied the rule announced in the case of *Cokeley et al. v. Robert Lee, Inc.*, 197 S. C. 157, 14 S. E. (2d) 889; the Court said:

"Where there is a conflict in the evidence, either of different witnesses or of the same witness, the findings of fact of the Industrial Commission, as triers of fact, are conclusive. *Bannister v. Shepherd* [191 S. C. 165, 4 S. E. (2d) 7], *supra; Tunnicliff v. Bettendorf*, 204 Iowa 168, 214 N. W. 516; *Rand v. Lafferty Transp. Co.*, 60 Idaho 507, 92 P. (2d) 786.

"The rule applicable in actions at law, and followed by analogy, here, is thus stated in *Lower Main Street Bank v. Caledonian Ins. Co.*, 135 S. C. 155, 159, 133 S. E. 553, 555, as follows: 'The well-established rule in this state is that if there is any testimony whatever to go to the jury on an issue involved in a cause, or even if more than one inference can be drawn from the testimony, then it is the duty of the judge to submit the cause to the jury. This is true, even if witnesses for the plaintiff contradict each other, or if a witness himself in his testimony makes conflicting statements. The credibility of witnesses is entirely for the jury.' " *Glover v. Columbia Hospital et al.*, 236 S. C. 410, 114 S. S. E. (2d) 565.

In the case at bar there were differences of medical opinion, but that was for the Commission, in its province as triers of the facts, to weigh and decide.

Dr. Blanton testified that he had known the deceased and treated him as a patient beginning in June of 1954 and continuing to the time of his death; that he was familiar with his general health and that he saw him for things like colds, flu, stomach trouble, and that the first time he even suspected that there was anything wrong with his heart was on the 5th of November, 1960, the day before his death, when he told him he thought his trouble was coming from his heart and sent him home to absolute bed rest, and that he had not had occasion to find anything like this on heart examination before in the six years that he had taken care of him. On Page 12 of the testimony, I quote:

"Q. Doctor, since that time have you had occasion to examine the records at General Hospital pertaining to Mr. Randolph and his accident in May?

"A. Yes, sir, I have.

"Q. From your examination of that record, in your opinion, do you think that the accident which he sustained in May had anything to do with his condition at the time of his death and actually (*sic*) contributed to his death?

"A. Prior to his injury and on numerous occasions I had listened to and examined as best I could, this man's heart on routine physical examination over a period of a good number of years I have never found any indication that he was suffering from any type of heart disease. Examination of his hospitalization records, especially in regard to radiographs of the chest showed that he has suffered a type of injury to his chest that has caused a shift in the position of not only his heart but the entire mediastinal structures and it is my considered professional opinion that his injury and the subsequent complications following it did very definitely have a bearing on his course and his death."

There are many other factors such as the continuance of disability from the accident until the date of death, the severity of the injuries as testified to by Dr. Cochran, the testimony of his wife pertaining to his condition before and after the accident and the events leading

up to her husband's death, which the Commission, acting in the capacity of the jury, could conclude that the man's death was caused by the accident. The Supreme Court has said so often until it is not even necessary to require citation of authority that the finding of fact by the Industrial Commission in Workmen's Compensation claim are conclusive and neither this Court nor the Supreme Court will review such findings except as to determine whether or not there is any evidence to support the award.

The case of *Cross v. Concrete Material et al.,* 236 S. C. 440, 114 S. E. (2d) 828 cited by appellants is not applicable in the case at bar because in the present case, the medical testimony of Dr. Blanton here fully meets the requirements laid down. The physician who had treated the claimants' intestate expressed the unqualified opinion that his injury and the subsequent complications following it did very definitely have a bearing on his course and his death. See *Kearse v. South Carolina Wildlife Resources Dept.,* 236 S. C. 540, 115 S. E. (2d) 183.

This case is greatly similar to the case of *Scott v. Havnear Motor Co.,* 226 S. C. 580, 86 S. E. (2d) 475, wherein the undersigned reversed the Industrial Commission in a heart attack case. In that case, the claimant suffered an injury to his arm necessitating several stitches. Within a few days thereafter, he was advised that he might return to work, but did not return to work and on the 53rd day after the injury he suffered a heart attack while asleep in the bed at 3:30 in the morning and died at 11:00 in the morning of the same day. The undersigned was of the opinion that the medical testimony in that case was not sufficient, considered as a whole to warrant a finding in favor of the claimant. This Court is of the opinion that the medical showing in the case now for determination is stronger than in the *Scott case, supra.* It must be kept in mind, of course, that this Court is not concerned with the weight of the testimony, but only concerned with whether or not there is any com-

petent testimony for consideration by the Commission, which corresponds to the jury. From a review of the whole of the testimony in this case, it cannot be said that there was no competent evidence for the Commission to weigh in making its findings of fact. In the *Scott case, supra,* the Court said:

"If there were absolutely no evidence in support of the findings of fact by the Commission, we might say that the question thus becomes a question of law. But whether there is a sufficiency of evidence is strictly a matter of fact and the findings of the commission thereabout are final."

From the foregoing it is evidence that the exceptions of the appellant raised by this appeal must be and the same are hereby overruled, and the award of the Industrial Commission affirmed. Let judgment be accordingly entered in favor of the claimants-respondents.