18744

James K. POLK, Jr., Appellant, v. E. I. duPONT de Nemours Co., Inc., Respondent

(158 S. E. (2d) 765)

*Messrs. Stuckey & Stuckey,* of Bishopville, and *Boyd, Bruton, Knowlton & Tate,* of Columbia, *for Appellant,*

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Respondent,*

*Messrs. Stuckey & Stuckey,* of Bishopville, and *Boyd, Bruton, Knowlton & Tate,* of Columbia, *for Appellant, in Reply,*

January 4, 1968.

Moss, Chief Justice.

This case arose under the South Carolina Workmen's Compensation Act, Section 72-1 *et seq.,* Code of 1962. There is here involved an appeal from an order of the circuit court reversing an award of the Industrial Commission in favor of James K. Polk, Jr., the appellant herein.

The appellant alleges that on March 15, 1962, while in the employ of E. I. du Pont de Nemours Co., Inc., the respondent herein, he fell and suffered a neck injury and other injuries and that as a result thereof he is now totally and completely disabled and entitled to benefits for total disability under the provisions of the Workmen's Compensation Act. The respondent denied that the appellant sustained an injury by accident arising out of and in the course of his employment which resulted in any compensable disability.

A hearing was held before a single commissioner on November 8, 1962, for the purpose of determining whether or not the appellant sustained an injury by accident arising out of and in the course of his employment, and, if so, to determine what benefits and compensation he was entitled to under the Act. Thereafter, the single commissioner, on April 22, 1963, filed an opinion and award in which he found that the appellant was totally disabled because of his injury and was entitled to compensation. The respondent appealed to the full commission and the award of the single commissioner was affirmed in an opinion and award filed on August 28, 1963. By appropriate exceptions the respondent appealed from the award of the full commission to the circuit court for Kershaw County, and such appeal was heard by the Honorable John Grimball, Resident Judge, who issued his order vacating and setting aside the award of the commission. Timely appeal to this court followed.

The question here for determination is whether there was any competent evidence to support the findings of fact by the commission and the award made pursuant thereto. If there was sufficient evidence to support the findings of the commission, then the trial judge was in error in reversing the commission. However, if there was no competent evidence to support the findings of the commission, affirmance of his decision is required.

We have held that a claimant who asserts his right to compensation must establish by the preponderance of the evidence the facts which will entitle him to an award under

the Act and such award must not be based on surmise, conjecture or speculation. It is well settled that in workmen's compensation cases the commission is the fact-finding body and that on appeal the circuit court and this court are limited in their review of the facts to a determination of whether or not there is any competent evidence to support the factual findings of the commission. Where there is a conflict in the evidence, the findings of fact by the commission are conclusive. It is only where the evidence gives rise to but one reasonable inference that the question becomes one of law for the court to decide. *Herndon v. Morgan Mills, Inc.*, 246 S. C. 201, 143 S. E. (2d) 376.

The record shows that the appellant began working with the respondent on May 4, 1952, and while he had had trouble with his back and shoulders on various occasions he got along fairly well and was working until June 15, 1961. At this time he states that he and a fellow employee were changing a press, that the cloth was hard to pull off, and that, as he gave a yank to get it off he felt an awful pain in the back of his right shoulder. He was treated by Dr. Robert Watkins, the plant physician, who gave him injections for his pain, but as he did not seem to improve he went to see his family physician, a Dr. Faver, a surgeon at the Lee County Hospital, by whom he was treated until July 16, 1961. The appellant was admitted to the Camden Hospital on July 17, 1961, where he was seen and treated by Dr. Herbert Schrieber. The appellant was treated by Dr. Schrieber at the Camden Hospital for a week or ten days and as the pain persisted he was then placed in the Columbia Hospital where he remained until August 10, 1961. He was returned home and remained under the care of Dr. Schrieber until the middle of September, 1961, and the latter part of September, 1961, he was sent to the Medical College in Charleston, South Carolina, where he remained in traction on a hard bed until he returned to Camden on October 10, 1961. The appellant returned to work with the respondent on November 1, 1961. Although he was still suffering from

pain in his neck and shoulders he states that he got along fairly well until March 15, 1962. At that time he said he slipped on a wet floor, falling flat on his back. He states that the pain was very severe in his neck and back at that time; however, he was able to continue work until the shift changed, which was only several hours after his fall. The appellant continued on his job until March 24, 1962, this being his last work day.

The appellant frankly admitted that he did not report the accident of June 15, 1961, to anyone and, although he was seen by a number of doctors, he made no mention of ever having hurt himself by an accident. He also readily admitted that he made a claim for nonoccupational group accident and health benefits from the Equitable Life Insurance Society for the June 15, 1961, accident and for the March 15, 1962, accident. The appellant admitted that in order to receive the aforesaid benefits that he certified that his disability was not connected with his work and knew he was not entitled to such benefits if he had received an accidental injury in the course and scope of his employment.

The appellant was a private patient of Dr. Herbert Schrieber. He saw the appellant for the first time on July 16, 1961, and at that time he had severe pain in his neck, radiating into his left shoulder and he was acutely ill. This physician had $X$-rays made and stated from an examination of these $X$-ray pictures there was no question in his mind that the appellant had advanced degenerative arthritis of the cervical spine at the level of the fifth and sixth cervical vertebrae. This same physician saw the appellant a number of times after his fall of March 15, 1962, and testified that the degenerative arthritic condition of the cervical spine was a disease which had existed over a long period of time and this disease was the cause of appellant's disability and that it was in no way connected with or related to trauma or an accidental injury which occurred on March 15, 1962.

The appellant was also a private patient of Dr. Russell Ennis and he first saw him on March 17, 1962. He testified

from an examination of the appellant and of the $X$-rays that he was suffering from advanced degenerative arthritis of the cervical spine and that this was a chronic disease which had existed over a long period of time and was in no way connected with or related to trauma or any accidental injury. He further testified that if the condition of the appellant was the result of trauma, it occurred a considerable period of time before the onset of symptoms in June of 1961.

Dr. Robert S. Watkins, who was the plant physician for the respondent, was of the opinion and testified that the appellant had a degenerative type of cervical vertebra disease that had existed over a long period of time which was the cause of his disability.

There was offered in evidence an $X$-ray report made by Dr. S. P. Pendergrass, Jr. which indicated that there was a chip fracture at the point of the sixth cervical vertebra. This physician did not testify and there was no medical testimony as to what caused this chip fracture or that it had any connection whatsoever with the appellant's disability. On the contrary the testimony of Drs. Ennis and Schrieber indicates that, if such a fracture existed, it would play no part in the appellant's already existing total disability.

The appellant contends that disregarding the expert medical evidence the other testimony is sufficient to sustain the finding of the commission that there was a causal connection between his injury on March 15, 1962, and his total disability. The appellant has offered his own testimony and that of his wife and neighbors to the effect that he was getting along fairly well and worked from November 2, 1961, until the time of his accident on March 15, 1962, but since that time has been totally disabled and unable to perform any of his duties. According to the appellant's own testimony he had been having trouble with his back, neck and shoulder long prior to his accident of March 15, 1962.

The only medical testimony in this case is to the effect that there was no causal connection between the appellant's fall and his total disability. The medi-

cal testimony was positive that the cause of the appellant's total disability was due to the degenerative arthritic condition of the cervical spine and such had existed over a long period of time and was in no way connected with or related to trauma or an accidental injury which occurred on March 15, 1962. The appellant has not offered any medical testimony to the contrary nor does the lay testimony make an issue with the unanimous opinion of the medical witnesses. The lack of conflict in the evidence renders the question of causal connection, which is ordinarily one of fact for the commission, a question of law for decision by the court.

We have held that where the subject is one for experts or skilled witnesses alone and concerns a matter of science or specialized art or other matters of which a layman can have no knowledge, the unanimous opinion of medical experts may be conclusive, even if contradicted by lay witnesses. *Cross v. Concrete Materials,* 236 S. C. 440, 114 S. E. (2d) 828. *Dennis v. Williams Furniture Corp.,* 243 S. C. 53, 132 S. E. (2d) 1.

In *Hines v. Pacific Mills,* 214 S. C. 125, 51 S. E. (2d) 383, we held that awards of the Industrial Commission may not rest upon surmise, conjecture or speculation but must be founded upon substantial evidence, and that if the evidence is all one way, or if the findings of the Commission are based on surmise, speculation or conjecture, then the issue becomes one of law for the court and not of fact for the Commission. In this same case we held that expert testimony is not binding upon the fact-finding body if there is competent substantial evidence to the contrary, though in matters of such kind which are not of common knowledge, fact-finding body must accept opinion of experts.

Viewing the entire evidence in the light most favorable to the appellant, as we are required to do, we conclude that the record contains no competent evidence reasonably tending to support a conclusion that the appellant's present total disability was causally connected with any accident which may have occurred on March 15, 1962.

In view of the foregoing conclusion it becomes unnecessary for us to pass on the other question raised by the appellant relating to whether the appellant was entitled to further medical treatment.

The circuit court was correct in setting aside and reversing the award made by the Industrial Commission.

The exceptions of the appellant are overruled and the judgment below is affirmed.

Affirmed.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting Associate Justice, concur.