710 S.E.2d 711

Stevie LAWSON, Respondent,

v.

HANSON BRICK AMERICA, INC. and
Zurich North America, Appellants.

No. 4824.

Court of Appeals of South Carolina.

Heard Dec. 9, 2010.
Decided April 20, 2011.
Rehearing Denied June 23, 2011.

Jason W. Lockhart, Weston Adams, III, and Helen F. Hiser, all of Columbia, for Appellants.

Creighton B. Coleman, of Winnsboro, for Respondent.

LOCKEMY, J.

In this workers' compensation case, Hanson Brick America, Inc. and Zurich North America (collectively the Appellants) appeal the circuit court's order reversing the Appellate Panel of the South Carolina Workers' Compensation Commission's (Appellate Panel) finding that Stevie Lawson's knee problems were not causally related to his back injury and awarding Lawson temporary total disability benefits. The Appellants argue (1) the circuit court engaged in improper fact finding,

(2) substantial evidence supported the Appellate Panel's decision, (3) the Appellate Panel made sufficiently detailed findings of fact, and (4) the circuit court improperly relied on late-filed medical evidence. We reverse and remand.

## FACTS/PROCEDURAL BACKGROUND

Hanson Brick, Inc. employed Lawson as a fork-lift operator. On May 10, 2005, Lawson was injured while moving a bag of mortar. In December 2005, Dr. Thomas Holbrook diagnosed Lawson with "degenerative disk disease L5/S1; spondylothesis, L5/S1 with persistent low back pain refractory to conservative care." Dr. Holbrook performed a posterior lumbar interbody fusion with bilateral pedicle screw instrumentation on Lawson in March 2006. Following surgery, Lawson's back pain did not improve and he complained of a sensation that the hardware in his lower back was loose. Lawson also developed left and right knee pain six or seven months after his back surgery. According to Lawson, he suffered from a burning sensation in both of his knees that affected his ability to walk. Lawson was treated for his knee problems by Dr. Frank Noojin, who prescribed him pain medication.

In December 2006, Dr. Holbrook determined Lawson had reached maximum medical improvement (MMI) with respect to his back injury and released him for medium-duty work. Dr. Holbrook assigned Lawson a 21% impairment rating to the lumbar spine. Lawson returned to work and eventually resumed his duty as a forklift operator. Lawson stopped working in February 2007 due to the pain in his knees. In April 2007, Dr. Noojin opined Lawson suffered from osteoarthritis in both knees. According to Dr. Noojin, Lawson's osteoarthritis was a pre-existing condition and not work-related. In addition, Dr. William Lehman opined Lawson had a 25% whole person impairment, which translates to a "regional lumbar spine impairment of 33%." Dr. Lehman also found Lawson's "osteoarthritis of the knees" was not compensable. Dr. Noojin referred Lawson to another physician in his practice, Dr. Bradley Presnal, for further evaluation of his knees. Dr. Presnal determined Lawson's knee pain was "consistent with osteoarthritis" and concluded Lawson's "back may be somewhat contributing to his [knee] pain."

In January 2007, Lawson filed a Form 50 with the Commission reporting an accidental injury to his lower back, left leg, right hand, and right thumb.[1] The Appellants admitted Lawson sustained a compensable lower back injury but denied that any injuries to his left leg, right hand, or right thumb were compensable. In May 2007, the Appellants filed a Request to Pay Compensation on the basis that Dr. Holbrook determined Lawson had reached MMI with respect to his lower back and assigned Lawson a 21% impairment rating to the lumbar spine. At the hearing before the single commissioner, Lawson argued he sustained a compensable injury to his back, his knees, and his right hand and needed additional medical treatment. Lawson also sought total temporary disability benefits. In response, the Appellants maintained Lawson had reached MMI with respect to his back and denied Lawson sustained compensable injuries to his right hand and knees. On August 20, 2007, the single commissioner submitted a Request for Proposed Order including findings that: (1) Lawson had not reached MMI with regard to his back and was entitled to further treatment and evaluation; (2) Lawson's right hand, left knee, and right knee were not compensable; and (3) Lawson was entitled to temporary total disability benefits.

In September 2007, prior to the issuance of the single commissioner's final order, Lawson submitted a motion to admit/consider additional and newly discovered evidence. Lawson asked the single commissioner to admit and consider medical records from Dr. Donald Johnson, who opined that Lawson had a "symptomatic exacerbation of a pre-existing osteoarthritis of his knees" caused by "gait secondary to his lumbar spinal fusion." The Appellants objected to the admission of these records; however, the single commissioner allowed them into evidence.

In October 2007, the single commissioner determined Lawson sustained a compensable injury by accident to his back

---

1. Lawson subsequently filed an amended Form 50 alleging additionally that he suffered compensable neck, left shoulder, left arm, and left hand injuries. The Appellants filed an amended Form 51 denying these additional injuries were compensable. Lawson has not pursued his claim with regard to these additional alleged injuries and they are not at issue in this appeal.

arising out of and in the course and scope of his employment. The single commissioner also found (1) Lawson had not reached MMI with regard to his back and was entitled to further evaluation and treatment; (2) Lawson's right hand injury was not compensable; (3) Lawson was entitled to further evaluation of his right and left knee problems to determine whether they were causally related to his accident; and (4) Lawson was entitled to temporary total disability benefits from February 5, 2007 to the present and continuing.

The Appellants appealed the single commissioner's order to the Appellate Panel. The Appellate Panel affirmed the single commissioner's finding that Lawson sustained a work-related injury to his back and had not reached MMI with regard to the injury. However, the Appellate Panel reversed the single commissioner's determination that Lawson was entitled to temporary total disability benefits. The Appellate Panel also reversed the single commissioner's finding that Lawson was entitled to further evaluation of his knees. The Appellate Panel found Lawson's knee problems were not causally related to his work-related accident. The Appellate Panel also concluded Dr. Johnson's medical report was improperly admitted into evidence.

On appeal, the circuit court determined the Appellate Panel erred in ceasing temporary total benefits. The circuit court ordered the case be remanded and temporary total benefits and further knee evaluation be continued pending further hearing by the single commissioner. This appeal followed.

## STANDARD OF REVIEW

"In an appeal from the [Appellate Panel], neither this [c]ourt nor the circuit court may substitute its judgment for that of the [Appellate Panel] as to the weight of the evidence on questions of fact, but it may reverse when the decision is affected by an error of law." *Hopper v. Terry Hunt Constr.*, 373 S.C. 475, 479, 646 S.E.2d 162, 164 (Ct.App. 2007). However, an appellate court may reverse or modify a decision of the Appellate Panel "if the findings and conclusions of the [Appellate Panel] are affected by error of law, clearly erroneous in view of the reliable and substantial evidence on the whole record, or arbitrary or capricious or characterized

by abuse of discretion or clearly unwarranted exercise of discretion." *Gray v. Club Grp., Ltd.,* 339 S.C. 173, 182, 528 S.E.2d 435, 440 (Ct.App.2000).

## LAW/ANALYSIS

### I. Findings of Fact/Dr. Johnson's Report

■ The Appellants argue the circuit court erred in reversing the Appellate Panel's determination that Lawson's knee problems were not causally related to his back injury and in finding Lawson was entitled to temporary total disability benefits. The Appellants contend the circuit court improperly analyzed the facts and drew its own conclusions regarding whether Lawson's knee problems were causally related to his back injury instead of determining whether substantial evidence supported the Appellate Panel's findings. We agree.

Lawson contends the Appellate Panel failed to cite any relevant evidence to support its conclusion that his knee problems were not causally related to his back injury. Lawson argues he was prejudiced by the Appellate Panel's failure to consider the medical evidence from Dr. Presnal relating to his knee problems.

We find the circuit court improperly weighed the evidence and engaged in fact finding. On appeal, the circuit court was charged with determining whether substantial evidence supported the Appellate Panel's findings of fact or whether an error of law affected its order. *Stone v. Traylor Bros.,* 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct.App.2004). However, the circuit court improperly weighed the evidence and made its own determinations as to whether Lawson's knee problems were causally related to his back injury. The circuit court concluded that although Dr. Noojin opined the cause of Lawson's knee problems was osteoarthritis, "it is equally reasonable, as Dr. Presnal and Dr. Johnson found, that the symptoms have resulted or been exasperated by a pre-existing injury of his knees from back surgery."[2] The circuit court

---

2. The Appellate Panel determined the single commissioner improperly admitted Dr. Johnson's report into evidence because the report "was known to [Lawson] and/or could have been secured prior to the hearing by reasonable diligence." The circuit court did not directly reverse this finding; however, it references Dr. Johnson's report in its order.

found that "whatever Dr. Noojin thinks of the causation," Lawson "clearly has significant lower extremity symptoms." Furthermore, the circuit court noted Dr. Lehman's finding that Lawson suffered from "some left radicular pain" was "evidence which would reasonably support the opinion of the [s]ingle [c]ommissioner." The circuit court also concluded the single commissioner's order regarding further investigation into the cause of Lawson's knee problems was a "reasonable response" and "completely within his authority."

■ The Appellants also argue the circuit court erred in relying on Dr. Johnson's medical report. We agree with the Appellants that the circuit court improperly weighed Dr. Johnson's report, along with other evidence, instead of determining whether substantial evidence supported the Appellate Panel's decision. However, we find the Appellate Panel should have considered Dr. Johnson's report in determining whether Lawson's knee problems were causally related to his back injury and whether Lawson was entitled to temporary total disability benefits.

Regulation 67–707 of the South Carolina Code (Supp.2010) governs additional and newly discovered evidence in workers' compensation cases. It provides that in order to present additional and newly discovered evidence

the moving party must establish the new evidence is of the same nature and character required for granting a new trial and show: (1) The evidence sought to be introduced is not evidence of a cumulative or impeaching character but would likely have produced a different result had the evidence been procurable at the first hearing; and (2) The evidence was not known to the moving party at the time of the first hearing, by reasonable diligence the new evidence could not have been secured, and the discovery of the new evidence is being brought to the attention of the Commission immediately upon its discovery.

Reg. 67–707(C).

Lawson satisfied his burden of proving Dr. Johnson's report should have been admitted into evidence. According to an affidavit of Lawson's counsel, Dr. Johnson's office lost the tape recording in which Dr. Johnson dictated his opinion as to the cause of Lawson's knee problems, and counsel was not aware

of Dr. Johnson's opinion at the hearing. Dr. Johnson's report was not cumulative or impeaching of character and would have likely produced a different result. Furthermore, although Lawson possessed Dr. Johnson's notes, Dr. Johnson's opinion was not known to Lawson at the time of the hearing and reasonable diligence on the part of Lawson could not have secured Dr. Johnson's lost tape. Accordingly, we reverse and remand the issue of whether Lawson's knee problems were causally related to his back injury and whether Lawson was entitled to temporary total disability benefits to the Appellate Panel for a reconsideration of all the evidence, including Dr. Johnson's medical report.

## II. Remaining Issue

The Appellants also argue the circuit court erred in reversing the Appellate Panel's order for failing to make sufficiently detailed findings of fact supported by detailed reasoning. Based upon our reversal of the circuit court's order, we need not address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## CONCLUSION

We reverse the circuit court's determination that Lawson was entitled to temporary total disability benefits and further evaluation of his knees. We remand to the Appellate Panel for a reconsideration of all evidence including Dr. Johnson's medical report to determine whether Lawson's knee problems were causally related to his back injury and whether Lawson was entitled to temporary total disability benefits.

**REVERSED AND REMANDED.**

HUFF and KONDUROS, JJ., concur.