803 S.E.2d 268

Henton T. CLEMMONS, Jr., Employee, Petitioner,

v.

LOWE'S HOME CENTERS, INC.-HARBISON, Employer, and Sedgwick Claims Management Services, Inc., Carrier, Respondents.

Appellate Case No. 2015-001350
Opinion No. 27708

Supreme Court of South Carolina.

Heard September 21, 2016
Refiled June 28, 2017
Rehearing Denied September 5, 2017

Preston F. McDaniel, of McDaniel Law Firm, of Columbia, for Petitioner.

Helen F. Hiser, of Mount Pleasant, and Kelly F. Morrow, of Columbia, both of McAngus Goudelock & Courie, for Respondents.

## ORDER

Respondents filed a petition for rehearing and Petitioner filed a return in opposition. After careful consideration, we deny the petition for rehearing, withdraw the former opinion, and substitute the attached opinion in its place.

/s/ Donald W. Beatty, C.J.

/s/ John W. Kittredge, J.

/s/ Kaye G. Hearn, J.

/s/ Costa M. Pleicones, A.J.

/s/ James E. Moore, A.J.

JUSTICE HEARN:

Petitioner Henton T. Clemmons, Jr. injured his back and neck while working at Lowe's Home Center in Columbia and brought a claim for disability benefits under the scheduled-member statute of the South Carolina Workers' Compensation Act (the Act). Although all the medical evidence indicated Clemmons had lost fifty percent or more of the use of his back, the Workers' Compensation Commission awarded him permanent partial disability based upon a forty-eight percent impairment to his back. The court of appeals affirmed. *Clemmons v. Lowe's Home Ctrs, Inc.-Harbison*, 412 S.C. 366, 772 S.E.2d 517 (Ct. App. 2015). We now reverse and hold the Commission's finding of only forty-eight percent loss of use was not supported by substantial evidence.

## FACTUAL/PROCEDURAL BACKGROUND

In September 2010, Clemmons was assisting a customer at Lowe's when he slipped and fell, severely injuring his back. Clemmons visited neurological specialist, Dr. Randall Drye,

and was diagnosed with a herniated disc which caused severe spinal cord compression and necessitated immediate surgery. Dr. Drye removed Clemmons' herniated disc and fused his C5 and C7 vertebrae by screwing a rod into his spine. After surgery, Clemmons underwent extensive inpatient and outpatient physical rehabilitation; however, he continued to experience pain in his neck and back, as well as difficulty balancing and walking.

Clemmons filed a workers' compensation claim to recover medical expenses and temporary total disability benefits. Lowe's admitted Clemmons had suffered an accepted, compensable injury in the course of his employment and agreed to pay temporary total disability benefits until Clemmons reached maximum medical improvement (MMI) or returned to work.

In June 2011, Dr. Drye determined Clemmons had reached MMI and, per the *AMA Guides to the Evaluation of Permanent Impairment, Fifth Edition (AMA Guides)*, assigned Clemmons a whole-person impairment rating of twenty-five percent based on his cervical spine injury, which converts to a seventy-one percent regional impairment to his spine. Dr. Drye also determined Clemmons could return to work at Lowe's subject to certain permanent restrictions.[1] A few months later, Lowe's agreed to accommodate Clemmons' restrictions and permitted him to return to his previous position as a cashier.

In June 2012, Dr. Drye conducted a follow-up evaluation and reached the same conclusion he had a year earlier—that Clemmons had reached MMI and required the same permanent work restrictions. Thereafter, Lowe's requested a hearing before the Commission to determine whether Clemmons was owed any permanent disability benefits.

Prior to the hearing, Clemmons visited a number of medical professionals for additional opinions regarding his condition. Physical therapist Tracy Hill evaluated Clemmons and, pursuant to the *AMA Guides*, assigned him a thirty-six percent whole-person impairment rating and a ninety-one percent

---

1. Clemmons' work restrictions prohibit him from standing or walking for more than an hour at a time, stair-climbing, repetitively reaching overhead, and lifting more than thirty pounds.

regional impairment rating with respect to his back. Dr. Leonard Forrest of the Southeastern Spine Institute also evaluated Clemmons and assigned him a whole-person impairment rating of forty percent, which translates to a ninety-nine percent regional impairment to his back. In addition to the *AMA Guides* impairment ratings, Clemmons presented medical testimony from general practitioner Dr. Gal Margalit, who opined to a reasonable degree of medical certainty that Clemmons had lost more than fifty percent of the functional capacity of his back.

At the hearing, based on the consensus among all the medical experts who examined him, Clemmons argued he was entitled to permanent total disability under the scheduled-member statute based on his loss of fifty percent or more of the use of his back. Lowe's, on the other hand, argued Dr. Drye's twenty-five percent whole-person rating and Clemmons' return to work indicated Clemmons had suffered less than a fifty percent impairment to his back, and thus Clemmons was only entitled to permanent partial disability.

The Single Commissioner determined Clemmons was not permanently and totally disabled, finding Clemmons sustained only a forty-eight percent injury to his back and was thereby limited to an award of permanent partial disability under the scheduled-member statute. The full Commission adopted and affirmed the Commissioner's order in its entirety. The court of appeals also affirmed, holding the Commission's findings of fact were supported by substantial evidence. We issued a writ of certiorari to review the court of appeals' decision.

## ISSUES PRESENTED

I. Did the court of appeals properly apply the substantial evidence standard to the evidence in this case when affirming the Commission's findings?

II. Did the court of appeals improperly infuse wage loss into and as a consideration for an award made under the scheduled-member statute? [2]

---

**2.** Based on our resolution of the first question it is not necessary for us to reach the merits of this issue. *See Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999)

## STANDARD OF REVIEW

■ The South Carolina Administrative Procedures Act governs judicial review of decisions by the Workers' Compensation Commission. S.C. Code Ann. § 1-23-380 (Supp. 2015). An appellate court's review is limited to the determination of whether the Commission's decision is supported by substantial evidence or is controlled by an error of law. *Grant v. Grant Textiles*, 372 S.C. 196, 201, 641 S.E.2d 869, 871 (2007).

■ The Court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact; however, the Court may reverse or modify a decision of the Commission if it is affected by an error of law or is clearly erroneous in view of the substantial evidence on the record as a whole. S.C. Code Ann. § 1-23-380(5). While the findings of an administrative agency are presumed correct, they may be set aside if they are unsupported by substantial evidence. *Rodney v. Michelin Tire Corp.*, 320 S.C. 515, 519, 466 S.E.2d 357, 359 (1996) (citing *Kearse v. State Health & Hum. Servs. Fin. Comm'n*, 318 S.C. 198, 200, 456 S.E.2d 892, 893 (1995)). " 'Substantial evidence' is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action." *Adams v. Texfi Indus.*, 341 S.C. 401, 404, 535 S.E.2d 124, 125 (2000) (quoting *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981)).

## LAW/ANALYSIS

■ Clemmons argues the court of appeals erred in finding the Commission's order was supported by substantial evidence. Specifically, Clemmons contends *all* the medical evidence in the record shows he suffered at least a fifty percent loss of use to his back, thus entitling him to the presumption of permanent *total* disability under the scheduled-member statute. We agree.

In pertinent part, the scheduled-member statute reads:

---

(declining to address additional issues when the disposition of the first issue is dispositive).

In cases included in the following schedule, the disability in each case is considered to continue for the period specified and the compensation paid for the injury is as specified: ... (21) for the loss of use of the back in cases where the loss of use is forty-nine percent or less, sixty-six and two-thirds percent of the average weekly wages during three hundred weeks. In cases where there is fifty percent or more loss of use of the back, sixty-six and two-thirds percent of the average weekly wages during five hundred weeks. The compensation for partial loss of use of the back shall be such proportions of the periods of payment herein provided for total loss as such partial loss bears to total loss, except that *in cases where there is fifty percent or more loss of use of the back the injured employee shall be presumed to have suffered total and permanent disability and compensated under Section 42-9-10(B)*. The presumption set forth in this item is *rebuttable*[.]

S.C. Code Ann. § 42-9-30 (emphasis added).

 Although a claimant's degree of impairment is usually a question of fact for the Commission, if all the evidence points to one conclusion or the Commission's findings "are based on surmise, speculation or conjecture, then the issue becomes one of law for the court...." *Polk v. E.I. duPont de Nemours Co.*, 250 S.C. 468, 475, 158 S.E.2d 765, 768 (1968) (citing *Hines v. Pacific Mills*, 214 S.C. 125, 131, 51 S.E.2d 383, 385 (1949)); *see also Randolph v. Fiske-Carter Constr. Co.*, 240 S.C. 182, 189, 125 S.E.2d 267, 270 (1962) (holding where there is absolutely no evidence to support the Commission's findings, the question becomes a question of law).

We find the Commission's conclusion with respect to loss of use is unsupported by the substantial evidence in the record. Specifically, there is *no* evidence in the record that Clemmons suffered anything less than a fifty percent impairment to his back. Every doctor and medical professional who assigned an *AMA Guides* impairment rating indicated Clemmons lost more than seventy percent of the use of his back, including Dr. Drye, whom the Commission particularly relied on in making its findings. Indeed, there is nothing in the record to support the Commission's finding of a forty-eight percent impairment rating.

■ While there is medical evidence that Clemmons' whole person was impaired less than fifty percent, the issue under the scheduled-member statute is not impairment as to the whole body, but rather it is the loss of use of a specific body part—in this case, Clemmons' back. *See Therrell v. Jerry's Inc.*, 370 S.C. 22, 28, 31, 633 S.E.2d 893, 896, 898 (2006) ("emphasiz[ing] the need for the commission to examine the particular injury at issue in every case to determine how a physician's ... impairment rating is properly applied" and indicating it is appropriate to consider the regional impairment for injuries to scheduled members, while injuries to unscheduled members should be couched in terms of whole-person impairment). Indeed, South Carolina courts have repeatedly considered regional impairment ratings when determining awards under section 42-9-30(21). *See, e.g., Burnette v. City of Greenville*, 401 S.C. 417, 420–21, 423, 737 S.E.2d 200, 202–03 (Ct. App. 2012) (Burnette's first injury caused an impairment to her back of thirteen percent, based on an eight percent lumbar impairment and a five percent cervical impairment; and after her second injury she was assigned a seventy-two percent impairment to her cervical spine and a sixteen percent lumbar impairment, which translated to whole-person ratings of twenty-five percent and twelve percent, respectively.); *Lawson v. Hanson Brick Am., Inc.*, 393 S.C. 87, 89, 710 S.E.2d 711, 712 (Ct. App. 2011) (noting claimant had been assigned a twenty-five percent whole-person rating which translates to a thirty-three percent lumbar impairment). All the medical evidence in the record points to only one conclusion: Clemmons has suffered an impairment to his back greater than fifty percent. Therefore, we hold Clemmons has lost more than fifty percent of the use of his back and is presumptively permanently and totally disabled under section 42-9-30(21).

## CONCLUSION

For the foregoing reasons, we conclude the Commission's findings were not supported by substantial evidence and we reverse the court of appeals. We hold Clemmons has lost more than fifty percent of the use of his back and remand to the Commission for a new hearing to determine his percentage of

impairment and whether the presumption of permanent and total disability under section 42-9-30(21) has been rebutted.

BEATTY, C.J., KITTREDGE, J., and Acting Justices Costa M. Pleicones and James E. Moore, concur.