**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Samuel Paulino, Claimant, Respondent,

v.

Diversified Coatings, Inc., Employer, and Amguard Ins.
Co., Carrier, Appellants.

Appellate Case No. 2018-001964

_____

Appeal From The Workers' Compensation Commission

_____

Unpublished Opinion No. 2022-UP-096
Heard November 3, 2021 – Filed March 9, 2022

_____

**REVERSED AND REMANDED**

_____

George D. Gallagher, of Speed, Seta, Martin, Trivett &
Stubley, LLC, of Columbia; and Kevin Desmond
Maroney, of Rogers Lewis Jackson Mann & Quinn, LLC,
of Columbia, both for Appellants.

Stephen N. Garcia, of Garcia Law Firm, LLC, of
Greenville, for Respondent.

_____

**PER CURIAM:**  In this workers' compensation case, Diversified Coatings, Inc.
(Employer) argues the South Carolina Workers' Compensation Commission (the
Commission) erred in affirming the single commissioner's order awarding Samuel

Paulino (Claimant) permanent and total disability under section 42-9-30(21) of the South Carolina Code (2015) for a work-related back injury. We reverse and remand.

We find the Commission erred in affirming the single commissioner's award to Claimant of permanent and total disability under the scheduled-member statute. *See Bass v. Isochem*, 365 S.C. 454, 467, 617 S.E.2d 369, 376 (Ct. App. 2005) ("The South Carolina Administrative Procedures Act (APA) establishes the standard for judicial review of decisions of the Workers' Compensation Commission."); S.C. Code Ann. § 1-23-380(5)(d) (Supp. 2021) ("[An appellate court] may reverse . . . [the Appellate Panel's] decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . affected by [an] error of law . . . ."). In pertinent part, the applicable subsection of the scheduled-member statute provides that a claimant is entitled to sixty-six and two-thirds percent of the average weekly wages (AWW) for three hundred weeks for a loss of use of the back that is forty-nine percent or less. § 42-9-30(21). Subsection twenty-one further states that claimants who suffer a loss of the use of the back that is fifty percent or greater are entitled to a rebuttable presumption of permanent and total disability and are entitled to sixty-six and two-thirds percent of the AWW for five hundred weeks. *Id.* The scheduled-member statute differs from general disability claims under section 42-9-10 of the South Carolina Code (2015) because loss of earning capacity is not necessary to prove disability; weekly compensation "is based *solely* on the character of the injury and not upon the earnings or earning capacity of the injured employee." *G.E. Moore Co. v. Walker*, 232 S.C. 320, 325, 102 S.E.2d 106, 108 (1958) (emphasis added); *see also Wigfall v. Tidelands Utils., Inc.*, 354 S.C. 100, 104, 580 S.E.2d 100, 102 (2003) ("[T]he medical model[] provides awards for disability based upon degrees of medical impairment to specified body parts.").

Here, the Commission erred in affirming the single commissioner's determination that Claimant's back is impaired greater than fifty percent because there is no medical evidence in the record that supported the single commissioner's findings. *See Clemmons v. Lowe's Home Ctrs., Inc.-Harbison*, 420 S.C. 282, 288, 803 S.E.2d 268, 271 (2017) (stating that a claimant's impairment is a question of fact for the Commission, but "if all the evidence points to one conclusion or the Commission's findings 'are based on surmise, speculation or conjecture, then the issue becomes one of law for the court'" (quoting *Polk v. E.I. duPont de Nemours Co.*, 250 S.C. 468, 475, 158 S.E.2d 765, 768 (1968))). Of particular significance is the single commissioner's finding that "Claimant's impairment ratings are very low based on the poor surgical result." To the contrary, Dr. Math gave the only

medical opinion regarding Claimant's impairment rating for his back and assigned a lower back impairment rating of twelve percent.  Claimant's physical therapist opined that he could perform medium work duties that involved flexing and rotating his lumbar spine.  Further, Dr. McHenry, Claimant's treating physician and surgeon, reported that Claimant's spine surgery was a success and the disc herniation and L3-4 extrusion were no longer present.  Despite the surgery being a success, Claimant continued to complain of leg pain and Dr. McHenry noted that Claimant had persistent degenerative changes to his lumbar spine; however, Dr. McHenry also stated a subsequent MRI showed no impingement on Claimant's nerve that could cause leg pain.  Although the independent orthopedic surgeon that evaluated Claimant, Dr. Scott, opined that Claimant's functional capacity evaluation results indicated he could not sustain workplace activities, Dr. Scott did not provide an impairment rating or offer any alternative level of activities that Claimant could perform—he merely disagreed with the results and stated he was willing to reevaluate Claimant.  Because no evidence in the record indicates a "poor surgical result" as found by the single commissioner, we find the Commission erred in adopting this medical opinion of the single commissioner.  *See Burnette v. City of Greenville*, 401 S.C. 417, 428–29, 737 S.E.2d 200, 206–07 (Ct. App. 2012) (finding when no evidence indicates a medical opinion or finding of fact of a single commissioner originated from a medical provider, such an opinion or finding is not supported by substantial evidence).

Further, because Claimant failed to rebut Dr. Math's twelve-percent impairment rating to his back with medical evidence, we find the Commission's findings of fact adopted from the single commissioner's order are inconclusive.  *Cf. Mullinax v. Winn-Dixie Stores, Inc.*, 318 S.C. 431, 435, 458 S.E.2d 76, 78 (Ct. App. 1995) ("Where the medical evidence conflicts, the findings of fact of the Commission are conclusive.").  "Although medical evidence 'is entitled to great respect,' the Commission is not bound by the opinions of medical experts and may disregard medical evidence in favor of other competent evidence in the record."  *Burnette*, 401 S.C. at 427, 737 S.E.2d at 206 (quoting *Potter v. Spartanburg Sch. Dist. 7*, 395 S.C. 17, 23, 716 S.E.2d 123, 126 (Ct. App. 2011)); *see also Linen v. Rucson Const. Co.*, 286 S.C. 67, 69–70, 332 S.E.2d 211, 212 (1985) (upholding the Commission's award of fifty-percent impairment, despite medical evidence to the contrary, because the claimant testified exclusively to the pain associated with his injury and the burden it placed on his daily activities, and estimated that he suffered a seventy-five percent impairment); *Fields v. Owens Corning Fiberglas*, 301 S.C. 554, 556, 393 S.E.2d 172, 173 (1990) ("An award under the scheduled loss statute . . . is premised upon the threshold requirement that the claimant prove a loss, or loss of use of, a specific 'member, organ, or part of the body.'" (quoting

S.C. Code Ann. § 42-9-30(22) (2015))); *Walker*, 232 S.C. at 325, 102 S.E.2d at 108 (stating that compensation under the scheduled-member statute "is based solely on the character of the injury and not upon the earnings or earning capacity of the injured employee").  "However, '[w]hile a finding of fact of the [C]ommission will normally be upheld, such a finding may not be based upon surmise, conjecture, or speculation, but must be founded on evidence of sufficient substance to afford a reasonable basis for it.'" *Burnette*, 401 S.C. at 427–28, 737 S.E.2d at 206 (alterations in original) (quoting *Edwards v. Pettit Constr. Co.*, 273 S.C. 576, 579, 257 S.E.2d 754, 755 (1979)); *see also Grayson v. Carter Rhoad Furniture*, 317 S.C. 306, 309–10, 454 S.E.2d 320, 322 (1995) (affirming reversal of Commission's decision, which was supported by no evidence in the record).  In this case, Claimant was the only lay witness to testify, and he only stated that his injury prevented him from driving, that he could not complete work duties for Employer at the same level he did before his injury, and that the functional capacity evaluation was physically less demanding than his job for Employer.  Claimant also testified at length about his inability to find work because of his inability to speak English and lack of education.  However, the character of the injury is material for determining compensation based on the impairment of a scheduled-member, not lost earnings or loss in earning capacity.  *See Walker*, 232 S.C. at 325, 102 S.E.2d at 108 (stating that under the scheduled-member statute, "[t]he period during which the weekly payments are to continue is based solely on the character of the injury and not upon the earnings or earning capacity of the [claimant]"); *Clemmons*, 420 S.C. at 289, 803 S.E.2d at 271 (stating "the issue under the scheduled-member statute is not impairment as to the whole body, but rather it is the loss of use of a specific body part").  Because Claimant did not testify as to the character of his back injury, the specific ways his back injury prevents him from leading a normal life, the limitations the back injury places on his physical activities, and because he failed to present evidence of a lower back impairment rating greater than twelve percent, we find substantial evidence does not support the Commission's finding as to the scheduled-member.  *Cf. Sanders*, 371 S.C. at 292, 638 S.E.2d at 70–71 (using a claimant's testimony regarding the character and extent of his back injury and the limitations the specific injury placed on his daily activities to refute expert medical evidence).  Therefore, we find the Commission erred in affirming the single commissioner's conclusion that Claimant is permanently and totally disabled.  *See id.* at 289, 638 S.E.2d at 69 (stating appellate courts may reverse the Commission if its findings or conclusions are clearly erroneous in light of the substantial evidence).

**CONCLUSION**

Based on the foregoing, the Commission's order is

**REVERSED AND REMANDED.**

**WILLIAMS, C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**